UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW DAVID SHELTERS,

      Plaintiff,

v.                            Case No. 3:20cv5261-MCR-HTC

FIRST JUDICIAL
CIRCUIT COURT, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, Matthew David Shelters, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint in this action pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated when he was released from prison thirty-five (35) days beyond his release date.[1]  ECF Doc. 6.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).  For the reasons set forth herein, the undersigned respectfully recommends that this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's continued failure to state a claim on which relief can be granted.

_____

[1] Although Plaintiff was released from the incarceration at issue in this action, Plaintiff has since been arrested and re-incarcerated on unrelated charges.  Thus, his current detention has nothing to do with the over-detention alleged in this action.

## I.    BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Hamilton Correctional Annex in Jasper, Florida. The events giving rise to this action occurred while Plaintiff was incarcerated at Bay Correctional Facility ("BCF") in Panama City, Florida. Plaintiff initiated this action on March 27, 2020 by filing an initial civil rights complaint purporting to state a claim under 42 U.S.C. § 1983, alleging generally the same facts as in his amended complaint – namely, that his constitutional rights were violated when he was released from prison beyond his release date. ECF Doc. 1.

Upon screening the initial complaint under 28 U.S.C. §§ 1915(e) and 1915A, the Court found the facts as presented failed to support a claim for relief under § 1983 against the three (3) named Defendants, FDOC Secretary Mark Inch ("Inch"), BCF, and the First Judicial Circuit Court of Florida for Escambia County ("the Circuit Court"). Specifically, the Court found that (1) BCF and the Circuit Court were not "persons" subject to suit under § 1983; (2) even if Plaintiff were to amend his complaint to name the Circuit Court clerk or judge as a defendant, those persons would be shielded from liability for monetary damages under the doctrine of judicial immunity; (3) Plaintiff had alleged no facts whatsoever regarding Inch or any wrongdoing by Inch; (4) Plaintiff had not pled any facts demonstrating deliberate indifference by any of the named Defendants; and (5) Plaintiff sought only

compensatory damages to which he was not entitled. Thus, on April 23, 2020, the Court gave Plaintiff an opportunity to clarify his allegations and cure the above deficiencies by filing an amended complaint (the "Amend Order"). ECF Doc. 5.

Plaintiff filed his amended complaint on May 18, 2020. ECF Doc. 6. The amended complaint, however, is just as deficient as the initial complaint and, thus, fails to state a claim against the Defendants. In fact, Plaintiff wholly disregarded the Court's Amend Order when he filed his amended complaint, as Plaintiff continues to (1) name court personnel as defendants; (2) fail to include facts sufficient to establish supervisory liability against Inch; (3) fail to include any facts of wrongdoing by any of the named Defendants; and (4) seek only compensatory damages in the absence of any physical injuries.

## II.    THE AMENDED COMPLAINT

Plaintiff's amended complaint names five (5) Defendants: BCF Classification Officer Ms. Doll, BCF Assistant Warden Ms. Keyes, the Clerk of Court for the Circuit Court, Circuit Court Judge Todd Boles, and Secretary Inch.[2] ECF Doc. 6 at 1-3. The amended complaint sets forth the factual allegations that follow, the truth of which is accepted for purposes of this Report and Recommendation.

---

[2] In his amended complaint, Plaintiff identifies "Mr. Boles, court secretary, Clerk of Court" as a named defendant. However, in the body of his amended complaint, he identifies "Judge Todd Boles of 1st Judicial Circuit Court, Escambia Co[unty], Florida" as having granted him "overdue credit for time served." ECF Doc. 6 at 5. Thus, reading Plaintiff's amended complaint liberally, the undersigned will treat both Judge Boles and the Circuit Court clerk as defendants. Also, the Court notes that the correct name for Judge Boles is Judge W. Joel Boles.

In December of 2017, Plaintiff was granted 329 days of credit for time served by Judge Boles of the Circuit Court. Such credit changed Plaintiff's End of Sentence date from November of 2018 to February 1, 2018. However, although "[t]his credit should have been credited/calculated upon initial sentencing in October of 2015," it was not credited/calculated at that time. *Id.* at 5. Plaintiff alleges that "[d]espite late correction, Escambia clerk of court had over one (1) month to notify [the FDOC] and [BCF] of [the] overdue credit." *Id.*

At some point, Plaintiff provided "certified court documents" to Defendants Doll and Keyes presumably regarding his credit for time served. *Id.* Plaintiff does not indicate when he informed Doll and Keyes of his uncalculated credit or whether it was before or after his End of Sentence date. Upon receipt of these documents, BCF "initiated an investigation of [Plaintiff's] claim, concluding that Plaintiff was correct." *Id.* At that point, the clerk of court and the FDOC were notified. Nonetheless, "Plaintiff was held in prison against [his] will and protest until March 8, 2018," when he was "emergency released" thirty-five (35) days past his End of Sentence date. *Id.* at 6. Due to his delayed release, Plaintiff alleges his "plans for release housing and employment were not honored" and that he "had to emergency move to Walton due to no housing and employment." *Id.*

Based on the foregoing, Plaintiff alleges Defendants falsely imprisoned him, deprived him of his liberty, and subjected him to cruel and unusual punishment in

violation of his constitutional rights.   As relief, he seeks "$100,000.00 in compensation for mental/emotional damage and loss of housing/employment and/or a daily monetary amount for each day Plaintiff was imprisoned falsely." *Id.* at 7.

## III.   LEGAL STANDARD

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).   In deciding whether dismissal is warranted, the Court must read Plaintiff's allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## IV.   DISCUSSION

As set forth above, the crux of Plaintiff's claims is that his End of Sentence Date was miscalculated, resulting in him being detained at BCF an additional thirty-five (35) days.  Plaintiff, however, cannot recover on that claim against the named Defendants because (1) the Circuit Court judge and clerk are absolutely immune from liability for monetary damages; (2) Plaintiff has alleged no facts supporting a claim of supervisory liability against Inch; (3) Plaintiff's allegations demonstrate

that Defendants Doll and Keyes helped him and were not deliberately indifferent; and (4) even if Plaintiff could state a constitutional violation against any of the named Defendants, he is not entitled to compensatory damages.

### A.    Defendants Circuit Court Clerk and Judge Boles

As the Court previously advised Plaintiff, both the clerk of court and the judge for the Circuit Court are shielded from liability for monetary damages under § 1983. The Supreme Court has set forth a two-part test for determining whether a judge is entitled to judicial immunity from monetary damages liability when sued under § 1983. *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996)). First, the judge must have dealt with the plaintiff in his judicial capacity. *Id.* "[W]hether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9 (1991) (quotations and alteration omitted). Second, the judge must not have acted in the "clear absence of all jurisdiction." *Simmons*, 86 F.3d at 1085. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability *only* when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, (1978) (quotations and citation omitted) (emphasis added).

Judge Boles clearly dealt with Plaintiff in his judicial capacity. He granted Plaintiff credit for time served, which is a function normally performed by a judge, and Plaintiff does not allege that Judge Boles acted in the absence of his jurisdiction. To the contrary, Plaintiff alleges that he was lawfully entitled to that credit because it was granted to him by the judge. Thus, Judge Boles is entitled to judicial immunity from monetary damages liability under § 1983.

Moreover, the Eleventh Circuit has consistently held that judicial immunity extends not only to judges, but to other persons whose "official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). As such, judicial personnel such as law clerks, clerks of court, and secretaries are entitled to quasi-judicial immunity. *See, e.g., Jallali v. Florida*, 404 F. App'x 455, 456 (11th Cir. 2010) (extending judicial immunity to law clerk); *Scott v. Dixon*, 720 F.2d 1542, 1546–47 (11th Cir. 1983) (extending judicial immunity to bar § 1983 claims brought against court clerks regarding the issuance of criminal warrants).

Accordingly, even assuming that the clerk of court for the Circuit Court failed to "credit/calculate" Plaintiff's credit for time served upon Plaintiff's initial sentencing in October of 2015 (and assuming, *arguendo*, that the clerk of court is even responsible for such calculations), any claim for damages Plaintiff seeks to bring against the clerk of court must fail under the doctrine of judicial immunity and,

thus, should be dismissed. Regardless, as will be discussed below, Plaintiff has not alleged facts sufficient to demonstrate deliberate indifference by the clerk of court or anyone else, which is necessary for an over-detention claim.

### B.   Defendant FDOC Secretary Mark Inch

As Plaintiff was told in the Amend Order, any claim Plaintiff may have against Inch must be under a theory supporting supervisory liability. "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citations omitted) (emphasis added). A causal connection is established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or when the supervisor's unlawful "custom or policy ... resulted in deliberate indifference to constitutional rights." *Id.* at 1234-35 (citations omitted). It can also be established by showing that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. *See id.*

Despite the Court having already advised Plaintiff that failure to state any facts regarding Inch is fatal to any claim Plaintiff may have against him, Plaintiff's amended complaint, again, does not contain *any* factual allegations against Inch.

There are no facts in the amended complaint that could be reasonably read as showing Inch personally participated in a constitutional violation.  Similarly, there are no facts that allege (1) a history of widespread abuse whereby End of Sentence dates were being miscalculated; (2) an unlawful custom or policy promulgated or enforced by Inch, which resulted in Plaintiff's End of Sentence date being miscalculated; (3) that Inch directed any persons to miscalculate Plaintiff's End of Sentence date; or (4) that Inch knew Plaintiff's End of Sentence date had been miscalculated and failed to intervene.  Additionally, as will be addressed further below, Plaintiff has not alleged facts sufficient to demonstrate an underlying constitutional violation by any of the named Defendants or anyone else, which is necessary to state a supervisory liability claim.  *See Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999) (stating that a claim for supervisory liability fails where there is no underlying constitutional violation by a subordinate).  Accordingly, Plaintiff's claims against Inch should be dismissed.

### C.     Plaintiff Has Not Stated A Constitutional Violation

Plaintiff's claims against the remaining two (2) Defendants, Defendants Doll and Keyes, should also be dismissed because Plaintiff has failed to set forth facts sufficient to demonstrate that they violated his constitutional rights.  Namely, Plaintiff does not allege either that these Defendants were responsible for miscalculating his End of Sentence Date, and did so intentionally to harm him, or

that they actually knew his End of Sentence Date had been miscalculated and failed to do anything about it.

Courts in the Eleventh Circuit have evaluated over-detention claims under both the Fourteenth Amendment right to due process and the Eighth Amendment right to be free from cruel and unusual punishment.[3]  *Newbold v. Santana*, 2020 WL 853910, at *6 n. 6 (N.D. Fla. Jan. 8, 2020) (citing *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (reviewing continued detention beyond proper release date for potential Fourteenth Amendment due process violation) and *McCurry v. Moore*, 242 F. Supp. 2d 1167, 1179 (N.D. Fla. 2002) (finding that an over-detention claim by a sentenced prisoner should arise under the Eighth Amendment)).  Under either a due process or Eighth Amendment analysis, and as the Court previously advised Plaintiff, Plaintiff *must* plead facts that demonstrate that Defendants acted with deliberate indifference to his rights.  *See West*, 496 F.3d at 1327; *McCurry*, 242 F. Supp. 2d at 1180.

---

[3] Plaintiff states that he is seeking relief under the Eighth Amendment for cruel and unusual punishment and the Fifth Amendment for false imprisonment and deprivation of liberty.  However, because Plaintiff is a state prisoner seeking relief against state officials, it is the Fourteenth Amendment, rather than the Fifth Amendment, that applies.  *See Powell v. Thomas*, 784 F. Supp. 2d 1270, 1282 (M.D. Ala.), *aff'd*, 641 F.3d 1255 (11th Cir. 2011) ("[t]he Fifth Amendment's Due Process Clause restrains the federal government, not state government") (citing *Buxton v. Plant City,* 871 F.2d 1037, 1041 (11th Cir. 1989) ("[t]he [F]ifth [A]mendment to the United States Constitution restrains the federal government, and the Fourteenth Amendment, section 1, restrains the states, from depriving any person of life, liberty or property without due process of law")).

For a defendant to be found to have acted with deliberate indifference, the plaintiff must demonstrate: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (quoting *Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). For an actor to have subjective knowledge, he "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). No liability arises for a defendant's failure to alleviate a significant risk that he *should* have perceived but did not, and imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

Plaintiff does not allege that Defendants Doll and Keyes were responsible for miscalculating his End of Sentence Date. Plaintiff simply alleges that, at some point, he provided "certified court documents" to Defendants Doll and Keyes; that, upon receipt of those documents, BCF "initiated an investigation of [Plaintiff's] claim, concluding that Plaintiff was correct"; that the clerk of court and the FDOC were notified; and that, thereafter, Plaintiff was "emergency released." ECF Doc. 6.

These limited factual allegations do not support a finding of deliberate indifference. Indeed, according to Plaintiff, as soon as he informed Defendants Doll

and Keyes about his credit for time served, they investigated Plaintiff's claim and determined Plaintiff was correct.  At that point, the clerk of court and the FDOC were notified of the error, and Plaintiff was emergency released.  Thus, Plaintiff does not allege that any of the Defendants had subjective knowledge of Plaintiff's over-detention *prior to* Plaintiff bringing it to their attention.  Moreover, when he advised Defendants of the issue, they *helped* Plaintiff rather than disregarding the harm to Plaintiff or acting with more than gross negligence.  While it may be the case that *someone* erred in failing to timely calculate Plaintiff's credit for time served, mere error (even if that error had been caused by Doll or Keyes) is not a basis for a constitutional violation.  *See Newbold*, 2020 WL 853910 at * 6 ("[d]eliberate indifference necessary to establish a constitutional violation cannot be proven by facts showing only commission of an error").

Accordingly, even accepting as true that Plaintiff was incarcerated thirty-five (35) days beyond his legally imposed sentence, Plaintiff has failed to allege facts sufficient to state a constitutional violation.

### D.    Plaintiff Is Not Entitled To The Relief Requested

Finally, as stated above, Plaintiff seeks $100,000.00 in compensatory damages.  However, as the Court previously advised Plaintiff, Plaintiff is not entitled to this relief because Plaintiff has not suffered a physical injury.  *See Layne v. McDonough*, 2007 WL 2254959 *4 (N.D. Fla. 2007).  The PLRA provides that "[n]o

Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has held that the phrase "[f]ederal civil action" refers to all federal claims, including constitutional claims. *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000)). Under § 1997e(e), to collect more than nominal damages, a prisoner must allege more than a *de minimis* physical injury. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) (citing *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999)).

Plaintiff is a prisoner bringing a federal civil action and, therefore, the PLRA applies. Plaintiff has alleged no physical injury whatsoever, and he is therefore not entitled to collect compensatory damages for the alleged constitutional violations. The Court gave Plaintiff an opportunity to omit his claim for compensatory damages and amend his complaint to seek only nominal damages of $1.00 (*see* ECF Doc. 5 at 10-11), but Plaintiff did not do so and his amended complaint, again, seeks only compensatory damages. Thus, even if Plaintiff had stated a viable claim against any of the named Defendants (which he has not), his amended complaint would still be subject to dismissal for seeking only compensatory damages. *See Williams v. Darnell*, 2019 WL 2587816, at *2 (N.D. Fla. May 22, 2019) ("[b]ecause Plaintiff's

claim for compensatory damages is barred under the PLRA … and because he has failed to indicate his intent to proceed on a claim for nominal damages only, Plaintiff's First Amended Complaint is due to be dismissed").

## V.    CONCLUSION

As set forth above, Plaintiff has failed to allege a cause of action against the named Defendants for over-detention.  Moreover, because Plaintiff was given an opportunity to amend his complaint to cure the numerous deficiencies previously identified by the Court, and because Plaintiff failed to cure *any* of those deficiencies in his amended complaint, the undersigned finds that another opportunity to amend would be futile.

Accordingly, it is respectfully RECOMMENDED that:

1.    This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim on which relief can be granted.

2.    The clerk be directed to close the file.

Done in Pensacola, Florida this 23rd day of June, 2020.

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not

control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.